Darren Neilson, USB #15005
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
DNeilson@parsonsbehle.com
BRothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Proposed Attorneys for Foxtrot United, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>FOXTROT UNITED LLC,<br><br>Debtor | **DECLARATION OF DARREN NEILSON IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER AS ATTORNEYS FOR THE DEBTOR**<br><br>Case No. 20-bk-22838<br><br>Judge R. Kimball Moiser |

I, Darren Neilson, declare as follows:

1.      I am an attorney at law licensed in good standing in the States of Utah, and I am an of counsel attorney of the law firm of Parsons Behle & Latimer ("**Parsons Behle**" or the "**Firm**").

2.      I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge or upon client/matter records of Parsons Behle reviewed by me or by an employee of Parsons Behle acting under my supervision and direction.

4827-7025-4780.v1

3. I submit this Declaration in support of the Application of Debtor Foxtrot United, LLC (the "**Debtor**" or "**Foxtrot**") for an Order Authorizing the Employment and Retention of Parsons Behle & Latimer as Attorneys for the Debtor (the "**Application**"), filed May 12, 2020 [ECF Dockt. No. 3], and to make certain disclosures required under Rule 2014 of the Federal Rules of Bankruptcy Procedure.

4. Parsons Behle maintains its principal offices at One Utah Center, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111. The Firm currently employs approximately 160 attorneys in Utah, Nevada, Montana, and Idaho. Parsons Behle attorneys have represented debtors, creditors, official committees, and other stakeholders in numerous bankruptcy cases nationwide and across a wide range of industries.

5. I am a graduate of Brigham Young University and earned my law degree at Loyola Law School Los Angeles. Currently I am of counsel at Parsons Behle. Prior to joining Parsons Behle in 2020, I was an associate in the bankruptcy department at the bankruptcy boutique firm of Brutzkus Gubner in Los Angeles, as well as an associate at the firm of Kirton McConkie in Salt Lake. I have represented chapter 11 debtors and other parties in interest in chapter 11 proceedings in California and Utah.

6. Brian M. Rothschild is a shareholder in the Litigation and Bankruptcy Practice Groups. Mr. Rothschild is a graduate of the University of Utah and earned his law degree at the University of Southern California Gould School of Law (Order of the Coif). Prior to joining Parsons Behle in 2014, Brian was an associate in the Financial Restructuring group in the international AmLaw 100 firm Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California, and also an associate at the highly respected bankruptcy boutique Peitzman Weg LLP

2

in Los Angeles, California. Mr. Rothschild has represented chapter 11 debtors, official and ad hoc committees of creditors and equity holders, and other parties in interest in chapter 11 proceedings in bankruptcy courts across the country.

7. In connection with my responsibilities under Rule 2014 of the Federal Rules of Bankruptcy Procedure, I caused the identities of the Debtor, the Debtor's prepetition secured lender, all known creditors, and all known equity holders of the Debtor, to be run through its computerized conflict check system, and such names to be distributed by email to all attorneys at the firm for a standard conflict check.

8. Based upon this procedure and other information obtained by me, I believe to the best of my knowledge that neither I, nor any attorney at Parsons Behle, provided services to the Debtor prior to providing services in connection with the preparation and filing of the Debtor's chapter 11 case. Parsons Behle does not represent any employee, officer, or owner of the Debtor, including any member, officer, or manager of the Debtor.

9. Based upon this procedure and other information obtained by me, I believe to the best of my knowledge that neither I, nor any attorney at Parsons Behle, provided services to the Debtor prior to providing services in connection with the preparation and filing of the Debtor's chapter 11 case. Parsons Behle does not represent any employee, officer, or owner of the Debtor, including any member, officer, or manager of the Debtor.

10. In approximately March of 2020, the Debtor contacted me[1] seeking advice regarding a possible chapter 11 bankruptcy or workout. On May 11, 2020, Foxtrot hired Parsons Behle to prepare its chapter 11 case for filing and wired a payment of $5,000.00 to Parsons

---

[1] At the time I was practicing with a different firm.

3

4827-7025-4780.v1

Behle. On May 12, 2020, the Debtor wired an additional $20,000 to Parsons Behle. Under the Engagement Agreement, Parsons Behle's requested retainer for preparing and filing the Case. Since opening the matter, Parsons Behle has invoiced Foxtrot for its costs and services, and Foxtrot has remitted payment as follows:

| Invoice No. | Invoice Date | Foxtrot Payment Date | Amount | Trust Deposit Date | Trust Deposit Amount | Trust Balance |
|---|---|---|---|---|---|---|
|  |  |  |  | 05/11/2020 | $5,000.00 | $5,000.00 |
|  |  |  |  | 05/12/2020 | $20,000.00 | $25,000.00 |
| 1292051 | 05/12/2020 | 5/12/2020* | $7,842.50 |  |  | $17,157.50 |
| *invoice was paid from trust | | | | | | |

11. Neither I nor Parsons Behle has a prepetition claim against the Debtor.

12. Prior to the Petition Date, the Debtor and Parsons Behle signed the Engagement Agreement (attached as <u>Exhibit C</u> to the Application) for services prior to and during the chapter 11 case, subject to Court approval of this retention for post-petition services.

13. To the best of my knowledge, neither Parsons Behle nor I have an interest materially adverse to the Debtor. Parsons Behle is a disinterested person within the meaning of 11 U.S.C. § 101. Neither I, Parsons Behle, nor any shareholders or associates thereof, insofar as I have been able to ascertain, have any connection with parties in interest with respect to the Debtor.

14. I will continue to monitor the Firm's and my own connections with parties in interest and our disinterestedness. If any other connections or issues pertaining to disinterestedness come to my attention, I will promptly supplement this declaration as required by Bankruptcy Rule 2014.

4827-7025-4780.v1

15. I do not have any connection with the Debtor. I have not in the past, and I do not plan in the future, to be employed by the Debtor, any related Debtor or any insiders of the Debtor.

16. The current hourly rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Shareholders | $290 - $500 |
| Special Counsel and Counsel | $285 - $450 |
| Associates | $195 - $290 |
| Paraprofessionals | $110 - $155 |

17. These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Parsons Behle's professionals have and will continue to charge the same rates that they ordinarily charge to other clients of the Firm without variation. No agreements were made for variations to Parsons Behle's customary billing rates. None of Parsons Behle's professionals included in this engagement vary their rate based on geographic location.

18. I anticipate that most of the time in this bankruptcy case will be billed primarily by Brian M. Rothschild (bankruptcy) and myself. Our billing rates are as follows:

   a. Brian M. Rothschild (Shareholder, Bankruptcy); $340.00 per hour;

   b. Darren Neilson (of counsel, Bankruptcy/Litigation): $285.00 per hour.

19. Parsons Behle maintains detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Parsons Behle hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the

4827-7025-4780.v1

local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Debtor.

20.  No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Parsons Behle has no agreement with any other entity to share with such entity any compensation received by Parsons Behle.

*I, Darren Neilson, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

DATED this 13th day of May, 2020.

      /s/ Darren Neilson
    DARREN NEILSON